967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Levi Enemy BOY, Petitioner-Appellant,
v.
Jack McCORMICK, Warden, Montana State Prison, Respondent-Appellee.
 No. 91-35506.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 1, 1992.*
Decided June 15, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner, Levi Enemy Boy, pleaded guilty to one count of conspiracy to commit forgery. The district court denied his section 2254 petition for habeas relief, finding that his petition was "in its entirety, predicated upon speculative and inconcrete claims of impropriety which stand in bare contradiction to the state court record." Enemy Boy appeals the district court's judgment pursuant to 28 U.S.C. section 2253. After reviewing the record in this case, we agree with the district court's assessment of Enemy Boy's petition and affirm the district court's order.
 
 
 3
 Enemy Boy argues that his guilty plea was not knowing and voluntary. He alleges that he had difficulty understanding English and that he was hung over when he signed the plea agreement. He also alleges that the plea was coerced. Enemy Boy is forty seven years old and a high school graduate. His verbal and written expression belie his allegations. The district court properly concluded that Enemy Boy understood his plea and that it was voluntary.
 
 
 4
 Enemy Boy also asserts that the sentence he received violated his plea agreement and that the state court lacked jurisdiction to sentence him as a persistent offender. Once again, no support for these allegations appears in the record. Indeed, all of the relevant parts of the record, including Enemy Boy's statements in the plea proceeding, contradict these allegations.
 
 
 5
 Finally, Enemy Boy alleges that he was denied effective assistance of counsel. In the context of guilty pleas, a defendant claiming ineffective assistance of counsel must be able to show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) "that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). At the plea and sentencing proceedings, Enemy Boy made no attempt to withdraw his guilty plea, did not mention any intimidation or coercion, and gave no indication that he was dissatisfied with his counsel. Now, Enemy Boy's unsupported allegations fail to satisfy the Hill test. The district court's dismissal of Enemy Boy's petition was not error.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3